FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD LANE HART, <br><br> Petitioner, <br><br> v. <br><br> JAMES KEY <br><br> Respondent. | NO: 2:20-CV-00465-RMP <br><br> ORDER DISMISSING SECOND AMENDED PETITION |

By Order filed February 8, 2021, the Court granted Petitioner Edward Lane Hart, the opportunity to amend his *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ECF No. 7. Petitioner, a prisoner at the Airway Heights Corrections Center, had filed both an initial petition on December 16, 2020, ECF No. 1, and an amended petition on January 4, 2021, ECF No. 4. A third party paid the filing fee on December 22, 2020.

The Court proceeded with the initial petition as the operative petition in this action, advised Petitioner of its deficiencies and allowed him to amend. ECF No. 7. Following an extension of time, Petitioner filed his Second Amended Petition

ORDER DISMISSING SECOND AMENDED PETITION -- 1

with attachments on June 3, 2021. ECF No. 12. Petitioner presented the First Amended Petition in a random fashion. The page numbers are not sequential, and he did not provide clear and concise assertions regarding the procedural history of his case in the state courts. After careful review of Petitioner's submissions, the Court finds that he has failed to cure the deficiencies of his initial and amended petitions, and he is not entitled to relief in this Court.

Petitioner challenges his 2017 Chelan County jury convictions for second-degree child rape and second-degree child molestation. ECF No. 12 at 1. He indicates that additional charges of first-degree child rape and first-degree child molestation were "dropped" prior to the jury's verdict. *Id.* at 7. He was sentenced to 132 months of incarceration. *Id.* at 1.

Petitioner states that he pursued a direct appeal, but provides two separate case numbers, 362850 and 353818, indicating a motion to dismiss was denied and citing Revised Code of Washington ("RCW") 9A.04.080, Washington's statute of limitations regarding various sexual offenses. ECF No. 12 at 7. Mr. Hart avers that he pursued review in the state Supreme Court in case number 96482-3, for which he states a motion was denied on October 1, 2019. *Id.* at 7. He also provides a result date of March 13, 2020, asserting that he believed he had raised a "statute of limitation" argument. *Id.* at 6. He states that he did not file a petition for certiorari in the United States Supreme Court. *Id.*

Petitioner also maintains that he filed a Personal Restraint Petition, again referencing case number 362850, on May 23, 2019, raising rules of appellate procedure as his grounds for relief. ECF No. 12 at 6. He does not provide information regarding the result of this Petition. *Id.* at 6, 9. At this time, the Court will presume, without deciding, that the federal habeas petition is timely under 28 U.S.C. § 2244(d).

As his sole basis for federal habeas relief, Petitioner asserts "statatute [sic] of limitation," ECF No. 12 at 8. Although it is not clear from his submissions that Petitioner has exhausted this claim to the Washington State Supreme Court, the Court may deny Petitioner's *ex post facto* claim on the merits pursuant to 28 U.S.C. § 2254(b)(2).

As supporting facts for his statute of limitations assertion, Petitioner challenges the testimony of the child victim regarding her age at the time of the crimes. ECF No. 12 at 8. In a different section of the petition form, as supporting facts of an unspecified "GROUND FOUR," Petitioner asserts that "from what I have found out about statute of limitations is that it estabish time limits for starting a criminal proceedings[.] A statutes of limitation generally start to run on the date that the crimes are commited [sic]. If the applicable time limit expires before criminal proceeding being charges cannot be filed. My Aleged crim. charges were from 2002 to 2004F. The state of Wash to go retroactively, AND change the rules in the mitel is no fair to me or eneyone elis ." *Id.* at 15 (as written in original).

The Court takes judicial notice of Petitioner's direct appeal in Court of Appeals No. 35381-8-III.[1] On October 8, 2018, Division III of the Court of Appeals noted that in 2016, Mr. Hart was prosecuted and convicted for crimes committed between 2002 and 2004. *See State v. Hart*, 5 Wn. App. 2d 1031, 2018 WL 4761271, at *5 (Oct. 2, 2018), *review denied* 192 Wash.2d 1024 (Mar. 6, 2019) (No. 96482-3). There is no indication that Mr. Hart asserted his statute of limitations argument in this direct appeal. *Id.*

In a letter attached to the Second Amended Petition, Petitioner contends that the state statute of limitations as to his crimes expired six years after their commission, and before the state legislature expanded the limitations period in 2009. ECF No. 12-1 at 2. Petitioner asserts that "Federal law dose [sic] not permit the State of Washington to go retroctively [sic]." *Id.* He claims that the charges brought in 2016 were time-barred, and, therefore, his prosecution was unlawful. *Id.* at 2. Petitioner invites the Court to look at the retroactive application of the legislative enactment. *Id.* at 3.

"The Constitution's two Ex Post Facto Clauses prohibit the Federal Government and the States from enacting laws with certain retroactive effects." *Stogner v. California*, 539 U.S. 607, 610 (2003). The Supreme Court has held that

---

[1] *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

ORDER DISMISSING SECOND AMENDED PETITION -- 4

"a law enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution." *Id.* at 632–33. The Supreme Court explicitly stated, however, that its holding in *Stogner* "does not affect" "extensions of unexpired statutes of limitations." *Stogner,* 539 U.S. at 618.

Here, when the State legislature extended the applicable statute of limitations in 2009, *see* RCW 9A.04.080, that limitations period had not yet expired as to crimes committed in 2004, which was within the range of dates of the offenses for which Mr. Hart was prosecuted. Because the limitations period for bringing the prosecution was expanded before it expired, Petitioner's contention that the charges brought against him in 2016 were time-barred is without merit.

Because it plainly appears from the Second Amended Petition and the attached exhibits that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** that the Second Amended Petition, ECF No. 12, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**CORRESPONDENCE**

On June 14, 2021, the Court received an undated letter from Mr. Hart that references electronic filings made on April 3 of an unspecified year. There is no record of anything being filed electronically in this case in April 2021. Rather, a letter received on May 4, 2021, ECF No. 10, was liberally construed as a motion

for extension of time to comply with the Order to Amend Petition and was granted on May 5, 2021.  ECF No. 11.

To the extent that Petitioner is asserting interference with his mail, he has failed to present facts showing how any alleged interference caused actual injury to his litigation.  *See Lewis v. Casey*, 518 U.S. 343, 353–55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.  If Petitioner wishes to challenge the handling of his mail or the conditions of his confinement, then he must file a separate civil rights action for which he will be required to pay the full filing fee under 28 U.S.C. § 1915(b).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file.  The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability is therefore **DENIED.**

**DATED** June 17, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge